## MUEHLBERG v. INTERNATIONAL METAL HOSE CO.

Circuit Court of Appeals, Sixth Circuit.
November 7, 1928.

No. 4855.

Arthur L. Morsell, of Milwaukee, Wis. (Curtis B. Morsell, of Milwaukee, Wis., on the brief), for appellant.

A. J. Hudson, of Cleveland, Ohio (Kwis, Hudson & Kent, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON and MACK, Circuit Judges, and MOINET, District Judge.

PER CURIAM. Infringement suit upon patent 1,296,103, issued to Muehlberg March 4, 1909, relating to a tube coupling, intended for attachment to the end of a metal-lined fabric hose for conveying gasoline. The trial court found there was no infringement. No other question is necessarily involved on this appeal; and it will be sufficient to state our conclusions briefly, without detailed description.

The structure claimed, which was in a general way old and familiar, comprised three coupling parts; the outer receiving member, the inner member, advancing by a threaded engagement between the two, and a split ring which encircled the end of the hose and was compressed by a wedging action as the inner member advanced. Thus the end of the hose was firmly gripped by this split ring and held within the inner member.

It was of the essence of the invention, as described and claimed, that the outer member should have two separate wedging functions. At the inner end of the bore and along its inner surface, it carried a tapered contraction whereby the free end of the advancing hose would be tightly pressed against this surrounding taper. Near its outer part and upon a larger diameter, it had a tapered portion which would contact with and compress the advancing split ring. These two tapered portions, performing respectively these two functions, are independently made elements of each claim.

In the form which it has mostly manufactured, called the "Universal," defendant compresses the split ring by contact between a taper on the ring and the end of the outer coupling member. We may pass the query whether, upon this record, infringement would be avoided by this transfer of taper from one member to the other and by the accompanying readjustment of the parts, for we think it clear that defendant, in this structure, does not use the other taper—the one for compressing the end of the hose. This end is advanced against a square shoulder, without the sealing by peripheral constriction which the patent contemplates. It is true that this square shoulder contains a relatively small annular recess into which the

metal lining of the hose may enter; but we conclude that the function of wedging the end of the tube laterally against a tapered surface exists only in negligible degree, if at all. It follows that there is no infringement by making this structure.

Another form which defendant has sold to some extent attempted to make the sealing joint at this spot by forcing into the end of the tube, midway between its outer and inner surfaces, a slight triangular annular wedge depending from what became the square shoulder in the Universal form. This also, we conclude, should not be deemed the equivalent of the inwardly compressing grip contemplated by the patent for the end of the tube.

The first form made by defendant, and treated by the parties as an infringement, was accounted and paid for up to a certain time. Defendant denies that it made any after that time. There is no satisfactory evidence to the contrary.

The decree is affirmed.